NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 9, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3396

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 12-CR-39 |
| HUGH L. McGOWAN, *Defendant-Appellant.* | William C. Griesbach, *Chief Judge.* |

**O R D E R**

Hugh McGowan trafficked cocaine from Chicago for sale to buyers in Wisconsin's Fox River Valley. Drug Enforcement Administration agents made 45 controlled buys from dealers in the region, many of whom had ties to McGowan, and the agents arrested McGowan after executing a search warrant on his house. He pleaded guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, and possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). McGowan's plea agreement included a waiver of his right to appeal any sentence below the statutory maximum that did not result from ineffective assistance of counsel or consideration of constitutionally impermissible factors. The district court imposed 180 months' imprisonment and 5 years' supervised release. McGowan filed a notice of appeal, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*,

386 U.S. 738, 744 (1967). McGowan has not responded to counsel's submission. See CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

McGowan has told counsel that he does not want his guilty plea set aside, so counsel properly omits from his *Anders* submission any discussion about the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). It follows, says counsel, that McGowan's appeal waiver makes this appeal frivolous. We agree with counsel; because an appeal waiver stands or falls with the guilty plea, *United States v. Zitt*, Nos. 12-1277, 12-2865, 2013 WL 1501956, at *4 (7th Cir. Apr. 15, 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), McGowan's waiver must be enforced. Moreover, no element of his sentence exceeds a statutory maximum, see 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii), and the court did not rely on any unconstitutional factor when imposing McGowan's sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.